Sonja NALLS, Appellant–Plaintiff,

v.

Richard R. BLANK d/b/a Gary Nsa V, Appellee–Defendant.

No. 64A03–8912–CV–573.[1]

Court of Appeals of Indiana, Fifth District.

May 30, 1991.

---

**1.** This case was reassigned to this office on January 2, 1991.

**1322** 

Christian John Gielow, Merrillville, for appellant-plaintiff.

Albert C. Hand, Lynn Hammond, Hand, Muenich, Wilk & Reid, Highland, for appellee-defendant.

SHARPNACK, Judge.

Plaintiff tenant appeals from a summary judgment in favor of defendant landlord in an action for negligence. We reverse.

Plaintiff raises two issues for review which we restate as:

1. Was there an issue of material fact on which a duty to provide security to plaintiff against criminal attack by a third party could be based?

2. Was there an issue of material fact as to whether defendant breached his duty, if one existed, to provide security to plaintiff against criminal attack by a third party?

 Defendant did not include a statement of facts in his brief nor dispute the facts as stated by plaintiff. We therefore accept plaintiff's uncontradicted statement of facts as accurate for the purposes of this appeal. *Scott v. Krueger* (1972), 151 Ind.App. 479, 482, 280 N.E.2d 336, 340. The following is a brief statement of facts relevant to this appeal.

At approximately 1:00 p.m. on January 22, 1985, plaintiff entered her apartment located on the third floor of a building owned by defendant. Upon entering her apartment, she was assaulted by Kevin Coleman, who was already inside her apartment. Mr. Coleman did not have permission to be in her apartment. He had gained access to both the apartment building and the third floor with a key he obtained by vandalizing a key retaining box affixed to the outside of the building. Defendant utilized this key retaining box to permit access to the building by the U.S. Postal Service.

Defendant claims that he maintained this box pursuant to a U.S. postal regulation entitled "Apartment House Mail Receptacles Regulations and Manufacturing Standards Publication 17, April 1982" which requires owners of apartment houses with self-closing, automatically-locking street doors to provide one of three alternative methods of access to apartment house mailboxes. The building in which plaintiff resided had a self-locking steel door at the point of street access and a self-locking steel door at the point of access to the third floor.

Plaintiff asks this court to review the trial court's entry of summary judgment. When we review a trial court's entry of summary judgment, we are bound by the same standard as the trial court: we must consider all of the pleadings, affidavits, depositions, admissions, answers to interrogatories, and, where applicable, testimony in the light most favorable to the non-moving party in order to determine whether a genuine issue of material fact remains

for resolution by a trier of fact. *Ayres v. Indian Heights Volunteer Fire Dept., Inc.* (1986), Ind., 493 N.E.2d 1229, 1234. A genuine issue of material fact exists where facts concerning an issue which would dispose of the litigation are in dispute or where the undisputed facts are capable of supporting conflicting inferences on such an issue. If we have any doubts concerning the existence of a genuine issue of material fact, we must resolve those doubts in favor of the nonmoving party, and we must reverse the entry of summary judgment. *Woodward Insurance, Inc. v. White* (1982), Ind., 437 N.E.2d 59, 62. However, if no genuine issue of material fact exists, and if the moving party is entitled to judgment as a matter of law, we must affirm the entry of summary judgment. *Id.* The moving party bears the burden of showing the absence of a factual issue and that he is entitled to judgment as a matter of law. *Norman v. Turkey Run Community School Corp.* (1980), 274 Ind. 310, 312, 411 N.E.2d 614, 615.

■ Defendant claims that the entry of summary judgment was proper because he did not have a duty to protect plaintiff from criminal attack by a third party. It is the traditional common law rule that a landlord does not have a duty to protect a tenant from loss or injury due to the criminal actions of a third party; however, in an individual case, such a duty may arise. *Center Management Corp. v. Bowman* (1988), Ind.App., 526 N.E.2d 228, 230, *trans. denied.* It is clear under Indiana law that a duty may be imposed upon one who, by affirmative conduct or agreement, assumes to act, even gratuitously, for another. *Board of Commissioners of Monroe County v. Hacker* (1981), Ind.App., 427 N.E.2d 696, 699. Whether a party has assumed a duty and the extent of that duty, if any, are questions for the trier of fact. *Robinson v. Kinnick* (1990), Ind. App., 548 N.E.2d 1167, 1168 *reh'g denied, trans. denied; See also Clyde E. Williams & Associates, Inc. v. Boatman* (1978), 176 Ind.App., 430, 435, 375 N.E.2d 1138, 1141. When a party has assumed such a duty, he must exercise care and skill in discharging that duty. *Hacker,* 427 N.E.2d at 699.

The Supreme Court of Illinois has held that "as a general rule, liability [to protect tenants from criminal attacks] is imposed upon a landlord who voluntarily undertakes to provide security measures, but performs the undertaking negligently...." *Phillips v. Chicago Housing Authority* (1982), 89 Ill.2d 122, 126, 431 N.E.2d 1038, 1040. We agree.

■ In this case, defendant provided self-closing, self-locking steel doors both at the street level entrance to the apartment building and at the entrance to the third floor where plaintiff's apartment was located. The trier of fact could reasonably infer that defendant had undertaken to provide security to plaintiff against criminal attack by a third party. Therefore, there is an issue of material fact with regard to duty.

Because a question of material fact exists with regard to the issue of duty, we must decide if there is a question of material fact as to whether the defendant breached his potentially existing duty. Defendant contends that, even if he owed a duty to plaintiff in this case, he discharged that duty through compliance with the postal regulation regarding construction of apartment house mail receptacles.

■ The fact that defendant may have complied with a postal regulation as to the manner of providing the mail carrier access to the mailboxes located in his building does not resolve the issue of whether he met his responsibility to exercise due care in the provision of security for his tenants. Compliance with an administrative regulation does not establish, as a matter of law, that due care was exercised. *Berkebile v. Brantly Helicopter* (1971), 219 Pa.Super. 479, 484, 281 A.2d 707, 710. Where the regulation is not a safety regulation intended to protect against the harm in question, compliance may not even be material to the question of whether the defendant exercised due care. Here, the postal regulation was promulgated to provide the mail carrier access to the mailboxes in a building which is equipped with self-closing, self-locking doors. We find nothing in the regulation concerning the safety of tenants.

In addition, nothing in the postal regulation requires that the key kept in the outside receptacle must provide access to any part of the building except where the mailboxes are located. A jury could reasonably conclude that it was not necessary to provide a mail carrier access to the upper floors of the apartment building and that it was not reasonable to leave a key outside the building, albeit in a locked receptacle, that would provide access to all floors of the building. Based upon these conclusions, a jury could reasonably decide that defendant failed to exercise due care in discharging his duty to plaintiff. Therefore, disposition by way of summary judgment at this stage of the proceedings is inappropriate and we reverse.

REVERSED AND REMANDED.

HOFFMAN and SULLIVAN, JJ., concur.