**Victor VERTUCCI and Mary Vertucci, as parents and natural guardians for S.V., a minor, Appellant–Plaintiffs,**

v.

**NHP MANAGEMENT COMPANY, Oxford Management Company, Inc., Agent for Bent Tree II–Oxford Associates, d/b/a Bent Tree Apartments and Bent Tree II–Oxford Associates, L.P., Appellee–Defendants.**

No. 49A02–9803–CV–259.

Court of Appeals of Indiana.

Nov. 6, 1998.

---

Linda Y. Hammel, Yarling, Robinson, Hammel & Lamb, Indianapolis, Indiana, for appellant.

W. Brent Threlkeld, Kandi Kilkelly Hidde, Rocap, Witchger & Threlkeld, Indianapolis, Indiana, for appellee.

## OPINION

ROBB, Judge.

Victor and Mary Vertucci, as the parents and natural guardians of S.V., a minor (referred to collectively as the "Vertuccis"), appeal the trial court's grant of summary judgment in favor of NHP Management Company, Oxford Management Company, Inc., agent for Bent Tree II–Oxford Associates, L.P., d/b/a Bent Tree Apartments, and Bent Tree II–Oxford Associates, L.P. (referred to collectively as "Bent Tree"). We reverse and remand.

### Issues

The Vertuccis raise the following issue for our review: whether the trial court properly granted Bent Tree's Motion for Summary Judgment.

### Facts and Procedural History

The Vertuccis rented an apartment in the Bent Tree complex in the summer of 1994. Prior to renting the apartment, Mr. Vertucci inquired about security at the complex because his two teenage daughters would be largely unsupervised during the day while he and his wife were at work. He was assured that there was security at the complex, and was issued identification cards for every member of his family. He was told that they should keep the identification cards with them at all times, but especially when using the common areas, because they would be checked from time to time. Mr. Vertucci understood that the cards were used to insure that only tenants and their guests were using the common areas. However, in the several months that the Vertuccis lived at Bent Tree, no one ever asked to see their cards.

In August of 1994, fifteen year old S.V. was sexually assaulted at the Bent Tree swimming pool by a non-resident of the complex. The Vertuccis sued Bent Tree for negligence. Bent Tree filed a Motion for Summary Judgment, alleging that "no genuine

issue of material fact exists that [Bent Tree] did not owe a duty to protect [the Vertuccis] from third party criminal attack. . . ." R. 41. The Vertuccis responded, designating evidence they asserted would demonstrate a genuine issue of material fact regarding duty. The trial court granted Bent Tree's motion for summary judgment, and the Vertuccis appeal.

### Discussion and Decision

When reviewing a grant of summary judgment, we use the same standard as the trial court: whether the pleadings and designated evidence demonstrate that there are no genuine issues of material fact and that the nonmoving party is entitled to judgment as a matter of law. *Hartford Acc. & Indem. Co. v. Dana Corp.*, 690 N.E.2d 285, 290 (Ind.Ct. App.1997), *trans. denied.* We construe the pleadings, affidavits, and designated materials in the light most favorable to the nonmovant. *Id.* at 291. When there are material disputed facts, or if undisputed facts give rise to conflicting reasonable inferences that affect the outcome, they must be resolved in favor of the nonmovant. *Warner Trucking, Inc. v. Carolina Casualty Ins. Co.*, 686 N.E.2d 102, 104 (Ind.1997). We engage in careful scrutiny to assure that the losing party is not improperly prevented from having its day in court. *Id.*

The Vertuccis argue that the trial court erred in granting summary judgment in favor of Bent Tree because their designated evidence raises the following genuine issues of material fact: 1) whether Bent Tree's act of issuing identification cards to its tenants resulted in a gratuitous assumption of the duty to protect them from the criminal actions of non-residents; 2) whether Bent Tree was negligent in failing to check for identification cards in the common areas of the complex; and 3) whether Bent Tree's failure proximately resulted in the sexual assault of S.V.

Bent Tree responds that the lease disclaims any liability on the part of Bent Tree for injuries to tenants, that it had no common law duty to protect S.V. from an unforeseeable criminal attack by a third party, and that it did not assume such a duty.

We first address the contract claim. The lease agreement signed by the Vertuccis contained the following provision:

> Tenant agrees that Landlord, its employees, or agents shall not be liable for any damage or injury to Tenant, Tenant's family, agents, employees, or guests, or to any person entering the premises or the building of which the leased premises are a part, for injury to person or property arising from theft, vandalism, fire, or casualty occurring in the premises or the building. LANDLORD IS NOT RESPONSIBLE FOR, AND DOES NOT GUARANTEE, THE SAFETY OF TENANT, TENANT'S GUESTS, FAMILY, EMPLOYEES, AGENTS, OR INVITEES. TENANT AGREES TO LOOK SOLELY TO THE PUBLIC POLICE AUTHORITIES FOR SECURITY AND PROTECTION. ANY SECURITY THAT MAY BE PROVIDED IS SOLELY FOR THE PROTECTION OF LANDLORD'S PROPERTY. . . .

R. 54 (emphasis in original). The exculpatory clause in Bent Tree's lease form applies specifically to *"theft, vandalism, fire or casualty."* The parties disagree as to whether the sexual assault on S.V. is a "casualty" within the meaning of this provision. "Casualty" is not defined in the lease, but is defined in Black's Law Dictionary as:

> A serious or fatal accident. A person or thing injured, lost or destroyed. A disastrous occurrence due to sudden, unexpected or unusual cause. Accident; misfortune or mishap; that which comes by chance or without design. . . .

BLACK'S LAW DICTIONARY 218 (6th Ed.1990). We strictly construe the term against Bent Tree, the drafter of the document. *Erie Ins. Exchange v. Stephenson*, 674 N.E.2d 607, 610 (Ind.Ct.App.1996). Under such a standard, an intentional act such as that perpetrated upon S.V. would not be considered a "casualty," and therefore, the exculpatory clause does not prevent Bent Tree from having or assuming a duty to protect S.V. from the criminal actions of a third party.

We turn, then, to the Vertuccis's contention that there is a genuine issue of material fact as to whether Bent Tree assumed a duty to protect tenants against the

actions of non-residents. The Vertuccis acknowledge the traditional common law rule that a landlord does not have a duty to protect a tenant from loss or injury due to the criminal actions of a third party. *Center Management Corp. v. Bowman,* 526 N.E.2d 228, 230 (Ind.Ct.App.1988), *trans. denied.* However, they rely upon an exception to that rule: a duty may be imposed upon one, who, by affirmative conduct or agreement assumes to act, even gratuitously, for another. *Board of Comm'rs of Monroe County v. Hatton,* 427 N.E.2d 696, 699 (Ind.Ct.App.1981). Accordingly, liability to protect a tenant from criminal activity may be imposed upon a landlord who voluntarily undertakes to provide security measures, but does so negligently. *Nalls v. Blank,* 571 N.E.2d 1321, 1323 (Ind.Ct.App. 1991) (citing *Phillips v. Chicago Hous. Auth.,* 89 Ill.2d 122, 59 Ill.Dec. 281, 431 N.E.2d 1038, 1040 (Ill.1982)). Whether a party has assumed a duty and the extent of that duty are ordinarily questions for the trier of fact. *Robinson v. Kinnick,* 548 N.E.2d 1167, 1168 (Ind.Ct.App.1990), *trans. denied.* When a party has assumed a duty, he must exercise reasonable care and skill in discharging that duty. *Hatton,* 427 N.E.2d at 699.

The Vertuccis liken the facts of their case to those of *Nalls v. Blank.* In that case, a tenant was assaulted by a third party who had gained access to her apartment building and to the floor on which she lived by vandalizing a key retaining box affixed to the outside of the building. 571 N.E.2d at 1322. The landlord had provided self-closing, self-locking steel doors both at the point of entry into the building and at the point of entry to the floor on which the tenant lived. *Id.* at 1323. This court reversed the trial court's entry of summary judgment in favor of the landlord concluding, in part, that "[t]he trier of fact could reasonably infer that [the landlord] had undertaken to provide security to [the tenant] against criminal attack by a third party. Therefore, there is an issue of material fact with regard to duty." *Id.*

Bent Tree asserts that this case is unlike *Nalls* and more akin to several other cases decided by this court in which a judgment in favor of the landowner was upheld in cases of invitee injury by the criminal actions of a third party. *See Bradtmiller v. Hughes Properties, Inc.,* 693 N.E.2d 85, 89 (Ind.Ct. App.1998), *reh'g denied* (landlord had no duty to protect tenant from assault by non-resident third parties over use of assigned parking space); *Ellis v. Luxbury Hotels,* 666 N.E.2d 1262, 1266 (Ind.Ct.App.1996) (hotel had no duty to protect visitor of registered hotel guest from criminal attack by third party); *Vernon v. Kroger Co.,* 654 N.E.2d 24, 29 (Ind.Ct.App.1995) (store had no duty to protect patron from attack by fleeing shoplifters in store parking lot); and *Welch v. Railroad Crossing, Inc.,* 488 N.E.2d 383 (Ind.Ct.App.1986) (tavern had no duty to protect patron from assault by another intoxicated patron).

Of the cases cited by Bent Tree, only *Bradtmiller* addresses the issue of assumption of duty, and then only in a footnote.[1] In *Bradtmiller,* a tenant was assaulted by the owners of a car which had been parked in the tenant's assigned parking space. Prior to the assault, the tenant had reported to an employee of the landlord that on several occasions he had found another vehicle in his space. The employee told him to find out whose vehicle it was and then she would "see what [she] could do." 693 N.E.2d at 87. This court affirmed the trial court's entry of summary judgment on behalf of the landlord, holding, in part, that notwithstanding notice to the landlord of violations of the parking policy, criminal activity was not a reasonably foreseeable risk of failing to enforce the parking policy and therefore, there was no duty on the part of the landlord to protect the tenant from the injury he sustained. *Id.* at 90. In a footnote, the court stated: "Un-

---

1. *Ellis, Vernon,* and *Welch* concern imposing a duty upon landowners based upon the foreseeability of harm due to the criminal actions of a third party as part of a three-part analysis for determining whether a duty should be imposed. *See Webb v. Jarvis,* 575 N.E.2d 992, 995 (Ind. 1991). Although the Vertuccis designated evidence in response to Bent Tree's motion for summary judgment which may well raise a genuine issue of material fact with respect to the foreseeability of the criminal attack upon S.V., they have seemingly proceeded solely on the theory that Bent Tree gratuitously assumed a duty. We therefore do not address whether a duty should be imposed upon Bent Tree under the three-part test of *Webb v. Jarvis.*

like *Nalls,* the evidence in this case does not support a conclusion that, by its conduct, [the landlord] assumed a duty to use reasonable care to protect [the tenant] from criminal attack." *Id.* at 88 n. 2.

We believe the facts of this case to be more akin to *Nalls* than to *Bradtmiller.* The assigned parking spaces in *Bradtmiller* were not for any safety purpose, but for the convenience of the tenants. In *Nalls,* the landlord provided two sets of self-locking, self-closing steel doors between the street and the tenant's apartment, providing some measure of protection from non-residents for tenants of the building. The evidence designated to the trial court by the Vertuccis in opposition to Bent Tree's motion for summary judgment demonstrates that each member of the Vertucci family was issued a card identifying him or her as a resident of Bent Tree and was told to carry it at all times, especially when using the common areas, because the cards would be checked. R. 59–60, 64, 123, 142–43, 145, 147–48. The trier of fact could reasonably infer that Bent Tree had undertaken to provide security to the Vertuccis against criminal activity by non-residents by keeping non-residents from the premises. Therefore, we believe that the designated evidence, when viewed in the light most favorable to the Vertuccis, raises a genuine issue of material fact with respect to the issue of whether Bent Tree assumed a duty to protect its tenants from the actions of non-residents. Whether such a duty was in fact assumed by Bent Tree, and if so, whether Bent Tree breached that duty, leading proximately to the assault on S.V., are issues for the trier of fact to determine. The trial court erred in granting Bent Tree's motion for summary judgment.

Reversed and remanded.

KIRSCH and STATON, JJ., concur.