### Brian SCHRIEBER, Plaintiff,

v.

### Michael Yates WALKER and Culver Cove Resorts, Inc., Defendants.

### No. 3:98CV50RM.

United States District Court,
N.D. Indiana,
South Bend Division.

Sept. 9, 1999.

Margot F. Reagan, Claire M. Konopa, Konopa and Murphy PC, South Bend, IN, for Plaintiff.

James A. Masters, Nemeth Feeney and Masters, Joseph R. Fullenkamp, Barnes and Thornburg, Julianne R. Parish, Kopka Landau and Pinkus, South Bend, IN, Wayne C. Kreuscher, Barnes and Thornburg, Indianapolis, IN, James H. Milestone, Kopka Landau and Pinkus, Bradley L. Varner, May Oberfell and Lorber, South Bend, IN, for Defendants.

### MEMORANDUM AND ORDER

MILLER, District Judge.

Defendant Culver Cove Resorts, Inc. seeks summary judgment on plaintiff Brian Schrieber's claims against it. Mr. Schrieber was injured in an altercation between Mr. Schrieber and defendant Michael Yates Walker in Room 280 at Culver Cove. For the reasons stated below, the court grants the summary judgment motion because Culver Cove had no duty and assumed no duty to protect Mr. Schrieber from Mr. Walker's alleged criminal act.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(e) "mandates entry of summary judgment, after adequate time for discovery and upon motion, against a party

who fails to make a showing sufficient to establish the existence of an essential element to that party's case, and on which the party will bear the burden of proof at trial." "Where the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial ... there can be no 'genuine issue of material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."

Although the moving party must initially identify the basis for its contention that no genuine issue of material facts exists, the nonmoving party cannot rest on his pleadings, but must produce his own evidence. Rule 56(e) requires that the nonmoving party who bears the burden of proof on an issue allege specific facts showing that there is a genuine issue for trial by his own affidavits or by the depositions, answers to interrogatories, and admissions on file. . . .

In considering whether there are any genuine issues of material fact, we view the record and extract all reasonable inferences from the evidence in the light most favorable to the nonmoving party. However, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Where a fact is disputed, the nonmoving party must show that the disputed fact is material under the applicable law. The applicable law will dictate which facts are material. Only disputes that could affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.

*National Soffit & Escutcheons, Inc. v. Superior Sys., Inc.*, 98 F.3d 262, 264–265 (7th Cir.1996) (citations omitted).

Graduation week is a festive time at Culver Military Academy. Many graduation visitors stay at Culver Cove, a hotel/condominium complex in Culver, Indiana. Culver Cove hires additional security for graduation weekend to protect Culver Cove property and patrol the premises, given the higher volume of guests and traffic.

Although Culver Cove guests agree not to host parties in their private rooms, parties could be found—parties with alcohol, underage drinkers, and no parents. Parents commonly rented rooms and used them until graduation, then left after graduation, allowing their children to remain another day or so to party with their friends. Although the underage drinkers would do what they could to conceal the parties—Culver Cove security made them pour out their alcohol and broke up parties—party debris (beer cans and bottles) and teens entering and leaving units were signs that parties had or were occurring despite the ban. Culver Police Department records shows one or two arrests per graduation weekend for minors consuming and other alcohol-related incidents. In addition to current graduates, Culver Military Academy alumni often return to join in on the fun.

The Culver Cove property is set up such that each unit has a private entrance. Tino and Sylvia Cristina rented a suite, Room 280, for graduation weekend in 1997. Their son, Daryl graduated from Culver Military Academy that year. Mr. and Mrs. Cristina were the registered guests in that Room 280 on Monday, June 2, 1997. When they registered, the Cristina's signed an agreement to not allow parties in the room.

At about 8:00 p.m. on June 2, Mr. Schrieber (Class of '95) and Mr. Walker (Class of '97), neither of whom were guests of Culver Cove, had made their way to a prohibited party in Room 280. Earlier in the day, the 20–year–old Mr. Schrieber had a couple of shots of vodka and the 18–year–old Mr. Walker had three beers. Mr. Schrieber and Mr. Walker were not drunk or drinking at the party where 20 to 25 people sat around talking and watching

television. The party was not loud or rowdy at this point.[1]

Mr. Schrieber, Mr. Walker, and a third Culver Military graduate engaged in a boasting contest about their football abilities while at the Academy. In an action uninterrupted by common sense and self-control, Mr. Walker hopped up from the couch and aggressively walked toward Mr. Schrieber. A "stepped up" level of boasting ensued in which the two exchanged derogatory comments. Mr. Schrieber pushed Mr. Walker in the chest, throwing Mr. Walker off balance and causing him to take a couple of steps back. After righting himself, Mr. Walker punched three times and severely injured the left side of Mr. Schrieber's face. The altercation started quickly, lasting less than a minute from the "stepped up" boasting to first push to final blow.

Mr. Schrieber seeks compensatory and punitive damages against Culver Cove for its alleged negligence in failing to protect Mr. Schrieber from Mr. Walker's alleged intentional criminal act.

To recover under a negligence theory, a Mr. Schrieber must show that (1) Culver Cove owed Mr. Schrieber a duty of care at the time he was injured; (2) Culver Cove failed to confirm its conduct to that standard of care; and (3) the breach proximately caused Mr. Schrieber's injury. *See Blake v. Calumet Constr. Corp.*, 674 N.E.2d 167, 169–170 (Ind.1996). "Whether the law recognizes any obligation on the part of a particular defendant to confirm his conduct to a certain standard for the benefit of the plaintiff is a question of law." *Webb v. Jarvis*, 575 N.E.2d 992, 995 (Ind. 1991).

Mr. Schrieber argues, and Culver Cove does not disagree, that Mr. Schrieber was an invitee of Culver Cove and "an invitor's duty to exercise reasonable care extends to providing a safe and suitable means of ingress and egress for the invitee ... [and] a duty of reasonable care to keep the area safe." *Vernon v. Kroger Co.*, 712 N.E.2d 976, 979 (Ind.1999). Culver Cove

argues that it owed Mr. Schrieber no duty to protect him from the alleged criminal attack by Mr. Walker, that it did not assume a duty to do so, and that any action on Culver Cove's part was not the proximate cause of the injury.

On July 12, 1999, the Indiana Supreme Court decided three cases interpreting the duty to take reasonable care to protect a plaintiff from the criminal attack of a third party. *See Vernon v. Kroger Co.*, 712 N.E.2d 976; *Delta Tau Delta v. Johnson*, 712 N.E.2d 968 (Ind.1999); *L.W. v. Western Golf Ass'n*, 712 N.E.2d 983 (Ind.1999). In *Delta Tau Delta v. Johnson* the supreme court decided that Indiana courts faced with the issue of "whether a landowner owes a duty to take reasonable care to protect an invitee from the criminal acts of a third party should apply the totality of the circumstances test to determine whether the crime in question was foreseeable." 712 N.E.2d at 973. *Vernon v. Kroger Co.* applied this test to business invitees:

> As announced in *Delta Tau Delta v. Johnson*, a court answers this question by asking whether the totality of the circumstances demonstrates that the criminal act was reasonably foreseeable. 712 N.E.2d at [973]. When determining whether the totality of the circumstances supports the imposition of a duty, a court must look to "all of the circumstances surrounding an event, including the nature, condition, and location of the land, as well as prior similar incidents, to determine whether a criminal act was foreseeable." *Id.* at 972. "A substantial factor in the determination of duty if the number, nature, and location of prior similar incidents, but the lack of prior similar incidents will not preclude a claim where the landowner knew or should have known that the criminal act was foreseeable." *Id.* at 973. While landowners have no duty to insure invitee's safety, they do have a duty to take reasonable precautions to

1. Later in the day, though, the door was ripped off its hinges.

prevent foreseeable criminal acts against invitees.

712 N.E.2d at 979–980.

■ Under this analysis and the summary judgment record, Culver Cove owed Mr. Schrieber no duty to protect him from the alleged criminal act. Underage drinking and parties were common event at Culver Cove during Culver Military Academy graduation week, and alcohol-related incidents resulted from this underage drinking.[2] Culver Cove security required underage drinkers caught with alcohol to pour it out; the Culver Police Department cited underage drinkers for minor consuming and illegal possession and those of age for public intoxication. During graduation week in 1997, Culver Cove called the police to deal with underage drinkers, a publically intoxicated 25-year-old man, and a person who jumped from the balcony of one of the rooms.[3] Mr. Walker's deposition reports an incident that "was hardly a fight" that occurred in one of the Culver Cove rooms where the men involved "gave each other a hug and drank a beer together after they fought." Mr. Walker and Mr. Schrieber both heard of a party that was broken up by either the hotel staff or police.

That much drinking went on during graduation week does not show that a legal duty existed in this case. Unlike *Vernon v. Kroger Co.* where the Indiana Supreme Court found a duty to exist,[4] this summary judgment record contains no evidence of prior violent acts or crime of violence during graduation week at Culver Cove. In a supplemental submission, Mr. Schrieber cites language from *Delta Tau Delta v. Johnson* for the proposition that "when the landowner is in a position to take reasonable precautions to protect his guest from a foreseeable criminal act, courts should not hesitate to hold that a duty exists." 712 N.E.2d at 974, but nothing in this record approaches the indicia of foreseeability found in the *Delta Tau Delta v. Johnson* record.[5] Although underage drinking is illegal, it is not enough on its

---

**2.** Mr. Schrieber has included a police report about the reported battery of a Culver Cove bartender by a minor who had been consuming alcohol. This incident occurred in late June 1996, well past the graduation week, that Mr. Schrieber says occurs in late May or early June each year. The report is not relevant to the question of what was reasonably foreseeable by Culver Cove as a result of underage drinking parties during graduation week.

**3.** This young man successfully jumped 15 feet from the balcony on a first try, but was injured on his second launch.

**4.** The record in *Vernon v. Kroger Co.* contained evidence that shoplifting was a common problem at the Kroger store and that Kroger employed off-duty policemen to patrol against shoplifters; shoplifters had getaway cars and drivers at the curb; Kroger personnel and guards witnessed shoplifters use physical force in attempting to escape; several Kroger employees testified to criminal occurrences outside the store in the parking lot; and the police department made 19 runs in the two years before the incident in the lawsuit to that Kroger store for crimes of violence. 712 N.E.2d at 980.

**5.** Within two years of this case, two specific incidents occurred which warrant consideration. First, in March 1988, a student was assaulted by a fraternity member during an alcohol party at DTD. Second, in April 1989 at DTD, a blindfolded female was made, against her will, to drink alcohol until she was sick and was pulled up out of the chair and spanked when she refused to drink. In addition, the month before this sexual assault occurred, DTD was provided with information from National concerning rape and sexual assault on college campuses. Amongst other information, DTD was made aware that "1 in 4 college women have either been raped or suffered attempted rape," that "75% of male students and 55% of female students involved in date rape had been drinking or using drugs," that "the group most likely to commit gang rape on the college campus was the fraternity," and that fraternities at seven universities had "recently experienced legal action taken against them for rape and/or sexual assault." ... We believe that to hold that a sexual assault in this situation was not foreseeable, as a matter of law, would ignore the facts and allow DTD to flaunt the warning signs at the risk of all of its guests. *Delta Tau Delta v. Johnson,* 712 N.E.2d at 973–974.

own, as presented in this case, to make a criminal battery foreseeable. Indiana law created no duty on Culver Cove's part to take reasonable care to protect Mr. Schrieber from Mr. Walker's alleged criminal act.

Mr. Schrieber also contends that genuine issues of material fact exist as to whether Culver Cove assumed such a duty. He argues that Culver Cove undertook actions that raise the inference that it assumed the duty to protect its guests against criminal acts of third parties. A party may gratuitously or voluntarily assume a duty of care. *Delta Tau Delta v. Johnson,* 712 N.E.2d at 975 (citing *Plan–Tec, Inc. v. Wiggins,* 443 N.E.2d 1212, 1219 (Ind.Ct.App.1983)). With this assumption comes a " 'corresponding duty to act in the manner of a reasonably prudent person.' " *Id.* The existence and extent of this duty ordinarily is for the finder of fact, but the court decides the issue as a matter of law when the record contains too little evidence to establish this duty. *Id.*

Mr. Schrieber notes that Culver Cove hired extra security for graduation weekend and asked the Culver Police Department members on that security force to wear their uniforms. In addition, the police department could expect Culver Cove to call during graduation weekend to deal with problems relating to the graduation parties. Mr. Schrieber cites *Vertucci v. NHP Management Co.,* 701 N.E.2d 604 (Ind.Ct.App.1998), in which the Vertucci family rented an apartment from apartment complex owner Bent Tree. Bent Tree issued each member of the Vertucci family an identification card identifying him or her as a Bent Tree resident, and told the Vertuccis to carry their cards at all times, especially when using the common areas, because the cards would be checked to keep non-residents from the premises. A Vertucci child was sexually assaulted at the complex's pool by a non-resident and the Vertuccis sued the complex. At the summary judgment stage, the Vertuccis argued that genuine issues of material fact existed as to whether Bent Tree gratuitously had assumed the duty of protecting

tenants against the criminal acts of non-residents when they issued the card. The Indiana Court of Appeals agreed with the Vertuccis.

Culver Cove cites *American Legion Pioneer Post No. 340 v. Christon,* 712 N.E.2d 532 (Ind.Ct.App.1999), in which the American Legion Post rented a portion of its building to a sorority for the evening where the sorority held a party. The American Legion hired a security guard to patrol the outside of the building. Mr. Christon, a guest at the sorority's party was shot by an unidentified third party, and sued the American Legion. Mr. Christon argued that by maintaining a guard outside the building, the American Legion gratuitously assumed the duty to protect the patrons indoors. The court of appeals held that "[b]ecause the undisputed facts indicate that the duties of the security personnel were limited to outdoor services and not for the security of Christon or others indoors, American Legion did not assure a duty to protect Christon from the unforeseeable criminal act of being shot inside the building by a third-party."

■ As in *American Legion,* nothing in the summary judgment record suggests that Culver Cove through affirmative conduct or agreement, gratuitously undertook a duty to protect Mr. Schrieber from the unforeseeable alleged criminal act of Mr. Walker. Culver Cove had not experienced problems with threats to harm someone or criminal violence before the altercation between Mr. Schrieber and Mr. Walker—Culver Cove hired the extra security guard to protect its property. Mr. Schrieber points to no evidence that Culver Cove hired, or required, the security personnel to perform any indoor security functions. Because the undisputed facts indicate that the function of the extra security personnel was mainly to protect Culver Cove property during the graduation weekend, when it had a higher volume of guests and extra traffic, Culver Cove did not assume a duty to protect Mr. Schrieber from the

unforeseeable alleged battery inside Room 280 by Mr. Walker.

For the reasons above, the court GRANTS Culver Cove's motion for summary judgment [Docket # 63], granting judgment to defendant Culver Cove on the negligence count of the complaint.

SO ORDERED.