# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 28 2017, 8:10 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Kristopher G. Richter
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Marcellus M. Lebbin
Trevor Q. Gasper
Hilary R. Johnson
May Oberfell Lorber
Mishawaka, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

Kristopher G. Richter,
*Appellant-Plaintiff,*

v.

Laurenz Place, LLC,
*Appellee-Defendant.*

September 28, 2017

Court of Appeals Case No.
71A04-1610-SC-2526

Appeal from the St. Joseph Superior Court.
The Honorable Paul E. Singleton, Magistrate.
Trial Court Cause No.
71D02-1606-SC-5542

**Shepard, Senior Judge**

[1]     Appellant Kristopher G. Richter appeals the trial court's judgment against him in his small claims action against his landlord, Laurenz Place, LLC. Concluding that Richter was a tenant under the landlord-tenant statutes, we reverse and remand with instructions to consider the costs he bore as a result of

his landlord's failure to afford him the statutory protections to which he was entitled under Indiana law.

## Facts and Procedural History

On April 28, 2012, Kaylie Sexton entered into a lease agreement for an apartment with Park Jefferson Realty, LLC, the predecessor of Laurenz Place, LLC. On April 30, 2013, a second lease was executed with Park Jefferson. This lease was signed and initialed by both Kaylie Sexton and Kristopher Richter.

On January 1, 2016, the leasehold having expired, Sexton and Richter moved out. Thereafter, Laurenz Place conducted a routine inspection of the apartment to assess damages. Following the inspection, it sent an itemized bill for damages to Sexton, but not to Richter. Richter attempted to obtain an itemization of the damages, but Laurenz Place would not release the information to him. Unable to obtain a copy of the itemized charges, Richter hired counsel to do so.

After receiving the notice of damages from Laurenz Place, Sexton sued Richter. She won a judgment against him for a portion of the amount. Sexton's lawsuit prompted Richter to bring the current action against Laurenz Place, in which he (1) claimed that he was a tenant and therefore should have received notice of the alleged damages, (2) disputed some of the damages, and (3) asserted he was wrongly denied access to the apartment in December 2015. He requested

money damages, filing fee, attorney fees, and transcript fees. After a bench trial, the court entered judgment against Richter.

# Issue

Richter enumerates six issues for our review. We consolidate and restate the dispositive issue as: whether the trial court erred by determining Richter was not a "tenant" within the meaning of the landlord-tenant provision of the Indiana Code.

# Discussion and Decision

Implicit in the small claims court's judgment, and the crux of this case, is the determination that Richter was not a tenant of Laurenz Place. Small claims court judgments are "subject to review as prescribed by relevant Indiana rules and statutes." Ind. Small Claims Rule 11(A). Pursuant to Trial Rule 52(A), we review the facts determined in a bench trial under the clearly erroneous standard of review, with due regard given to the opportunity of the trial court to assess witness credibility. *Hamilton v. Schaefer Lake Lot Owners Ass'n, Inc.*, 59 N.E.3d 1051 (Ind. Ct. App. 2016). This deferential standard of review is particularly important in small claims actions where trials are informal and where the sole objective is to dispense speedy justice between the parties according to the rules of substantive law. *Morton v. Ivacic*, 898 N.E.2d 1196 (Ind. 2008); Ind. Small Claims Rule 8(A).

[7] For the purposes of landlord-tenant relations, Indiana Code section 32-31-3-10 (2002) defines the term "tenant" as "an individual who occupies a rental unit: (1) for residential purposes; (2) with the landlord's consent; and (3) for consideration that is agreed upon by both parties."

[8] The evidence at trial showed that a one-year lease, executed on April 28, 2012, was signed and initialed only by Sexton. The first page of the lease designates Sexton as "Resident" and Richter as an authorized occupant. Ex. 1, p. 1. On the last page of the lease, Sexton signed as "Resident." *Id.* at 3. On the Clubhouse Addendum to the lease, Sexton signed as "Leaseholder" and was noted as having been issued one club membership card. *Id.* at 4.

[9] A subsequent lease was executed on April 30, 2013, with the word "Renewal" handwritten at the top of the first page. *Id.* at 9. Although the first page of this lease also identifies Sexton as "Resident" and Richter as an authorized occupant, each page of the lease was initialed by both Sexton and Richter, and both of them signed the last page of the lease under the "Resident" column. *Id.* at 9-11. In addition, both Sexton and Richter signed the Clubhouse Addendum to the 2013 lease as "Leaseholder" and both received club membership cards. *Id.* at 12.

[10] In as much as Laurenz Place provided the contract for Richter to sign and initial, the lease terms and their meaning for purposes of resolving later disputes are strictly construed against the party who drafted and furnished the agreement. *Vertucci v. NHP Mgmt. Co.*, 701 N.E.2d 604 (Ind. Ct. App. 1998).

[11]     Other evidence at trial reflected on whether Richter was a "tenant" under section 32-31-3-10.

[12]     Richter testified that the previous management company with whom he signed the lease explained to him that he was indeed a leaseholder. He further testified that he paid rent, and he presented evidence of other payments to the landlord. For instance, Plaintiff's Exhibit 5 is a receipt from Laurenz Place with his name typewritten in both the "Bill To" and "Customer Name" lines. The receipt notes that on July 31, 2015, and August 26, 2015, Richter paid door replacement charges for the apartment.

[13]     To be a "tenant" under the pertinent section of the Code, Richter must have occupied the premises "for residential purposes." On that, there is no dispute. Second, he must have occupied with the landlord's consent. It is plain that he did. Third, there must have been consideration for this occupancy agreed upon by both parties. Construing the leases between the parties strictly against Laurenz Place and doing so in the context of the other evidence at trial, it is apparent that there was an agreement on monthly rent and the like. Accordingly, it was clearly erroneous to determine that Richter was not a "tenant" as that term is defined in Indiana Code section 32-31-3-10. He was.

[14]     The tenant rights Richter held as a tenant are set forth in Indiana Code sections 32-31-3-12 and -14 (2002) and 32-31-5-6 (2007). Section 32-31-3-12 requires that, upon termination of a lease, the landlord must return to the tenant(s) the security deposit less any amount applied to the payment of accrued rent,

damages, and unpaid utility charges. It further requires that any damages be specifically itemized in a written notice as mandated by section 14. If the landlord fails to comply with these requirements, the tenant(s) may recover all of the security deposit and a reasonable attorney fee. Section 32-31-3-14 requires that, within forty-five days after termination of occupancy, a landlord must mail to the tenant(s) an itemized list of damages claimed.

[15] In addition, Indiana Code section 32-31-5-6 prohibits a landlord from interfering with a tenant's access to or possession of the tenant's apartment.

[16] Relying on its contention that Richter was merely an occupant and not a tenant, Laurenz Place does not dispute that it did not send him an itemized list of damages and that it denied him access to the apartment. *See* Appellee's Br. p. 7, Tr. pp. 32-33, Ex. 3, 9; Appellee's Br. pp. 6, 15, Tr. pp. 25-26. However, we conclude today that Richter was a tenant who should have been afforded all of the corresponding rights.[1]

---

[1] In his brief to this Court, Richter also asserts a claim of negligence against Laurenz Place and alleges error with the trial court's pre-trial denial of his motion to consolidate. The negligence claim was not included in Richter's Notice of Claim, and neither of these claims were presented at trial; they are thus waived. *See Commitment of T.S. v. Logansport State Hosp.*, 959 N.E.2d 855 (Ind. Ct. App. 2011) (stating long-held rule that party may not present argument or issue to appellate court that was not raised in trial court), *trans. denied*.

# Conclusion

[17] For the reasons stated, we conclude that under this lease Richter was a tenant, as that term is defined in Indiana Code section 32-31-3-10, yet he was not afforded the corresponding statutory rights.

[18] Reversed and remanded with instructions to consider the costs experienced by Richter as a result of Laurenz Place's failure to afford him the rights to which he was entitled as a tenant, enter judgment against Laurenz Place for that amount, and determine the amount of attorney fees this failure cost Richter.

Vaidik, C.J., and May, J., concur.